IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'25CV2348 AGS BLM

Jeremy Ryan,

    *Plaintiff-Appellant*



FILED
Sep 09 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    S/ AI    DEPUTY

v.

Best In Slot LLC

    *Defendant-Appellee*

**VERIFIED COMPLAINT**
**DEMAND FOR JURY TRIAL**

Jeremy Ryan
4075 Park Blvd #102-165
San Diego, CA 92103
608-630-4975
jeremy@nftdemon.com

*Pro Se*

## INTRODUCTION

1. This action seeks emergency and permanent relief against Defendant Best in Slot LLC FZ ("BIS") for deceptive and unfair practices related to its crypto staking/airdrop platform.

2. BIS publicly represented on its website and social channels that "100%" of the token allocation for certain projects (including "BRC 2.0 Punks") would be distributed to stakers.

3. BIS profits from staking fees and administers manual, centralized controls over listings, tokenomics postings, snapshots, and airdrops.

4. BIS now plans to alter those terms or execute distributions inconsistent with the advertised 100% allocation to stakers, causing immediate and irreparable harm.

## PARTIES

5. Plaintiff JEREMY RYAN ("Plaintiff" or "Ryan") is a natural person domiciled in San Diego County, California.

6. Defendant BEST IN SLOT LLC FZ is, on information and belief, organized under the laws of the United Arab Emirates and operates a global crypto data and staking platform accessible in California.

7. Defendants DOES 1–10 are persons or entities whose identities are presently unknown who participated in or aided the conduct at issue.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

9. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over related state-law claims arising from the same case or controversy.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District and/or the injury is felt here.

## FACTUAL ALLEGATIONS

11. BIS operates a centralized website/platform where it lists projects and manually posts or approves tokenomics terms.

12. BIS publicly represented that for "BRC 2.0 Punks," "100% of the token allocation would go to stakers."

13. Plaintiff staked and held positions in reliance on BIS's representations and administration, including reliance on BIS's control over snapshots and drops.

14. BIS profits from staking fees and platform activities.

15. BIS retains discretion to accept, display, or revise tokenomics and to trigger or administer airdrops; BIS has publicly stated it will "administer and facilitate" the drop while being "open to new tokenomics."

16. A community "takeover" group has sought to revise tokenomics. BIS has the discretion and tools to implement or block those revisions, yet has signaled it may proceed inconsistently with the "100% to stakers" representation.

17. Crypto airdrops are effectively irreversible once executed; assets may be immediately transferred or sold. Monetary damages cannot fully restore distribution integrity or market effects.

18. BIS's Terms of Service select Swiss law and include broad waivers. Such provisions cannot excuse fraud or misrepresentation nor waive liability for unfair or deceptive acts against California consumers.

19. Plaintiff has preserved evidence (Wayback Machine captures, screenshots, tweets/Discord posts) reflecting BIS's representations and control.

**FIRST CAUSE OF ACTION – UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17200 et seq.)**

20. Plaintiff realleges the preceding paragraphs.

21. BIS made and disseminated representations likely to deceive reasonable consumers (including "100% to stakers") and omitted material facts about its discretion to alter tokenomics.

22. BIS's conduct is unlawful, unfair, and fraudulent. Plaintiff seeks injunctive relief and restitution/disgorgement.

**SECOND CAUSE OF ACTION – BREACH OF CONTRACT / PROMISSORY ESTOPPEL**

23. Plaintiff realleges the preceding paragraphs.

24. BIS's public terms and staking inducements formed enforceable promises; alternatively, Plaintiff reasonably relied on clear promises ("100% to stakers") to his detriment. BIS's changes constitute breach; at minimum, equity estops BIS from deviating.

**THIRD CAUSE OF ACTION – INTENTIONAL OR NEGLIGENT MISREPRESENTATION**

25. Plaintiff realleges the preceding paragraphs.

26. BIS knowingly (or negligently) made false statements of material fact, intending reliance. Plaintiff reasonably relied and faces injury that cannot be remedied by damages alone.

## FOURTH CAUSE OF ACTION – DECLARATORY AND INJUNCTIVE RELIEF (28 U.S.C. §§ 2201–2202)

27. An actual controversy exists regarding BIS's right to alter tokenomics and proceed with airdrops contrary to "100% to stakers."

28. Plaintiff seeks declarations and injunctive relief maintaining the status quo and compelling performance consistent with advertising.

## PRAYER FOR RELIEF

(a) Temporary, preliminary, and permanent injunctive relief maintaining "100% to stakers" distributions and prohibiting contrary airdrops;

(b) Orders compelling preservation of evidence;

(c) Restitution/disgorgement and damages according to proof;

(d) Costs and fees as allowed by law; and

(e) All other just relief.

## JURY DEMAND

Plaintiff demands a jury on damages claims.

## VERIFICATION

I, Jeremy Ryan, verify under penalty of perjury that the factual allegations above are true and correct to the best of my knowledge.

Dated: 09/09/2025

Jeremy Ryan, Plaintiff pro se
4075 Park Blvd #102-165
San Diego, CA 92103
**jeremy@nftdemon.com | 608-630-4975**