UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| Jeremy RYAN, | Case No.: 25-cv-2348-AGS-BLM |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF 3), DISMISSING COMPLAINT WITH LEAVE TO AMEND, AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (ECF 2)** |
| v. | |
| BEST IN SLOT, LLC, | |
| Defendant. | |

Plaintiff Jeremy Ryan, proceeding without an attorney, is suing Best In Slot, LLC, over alleged misrepresentations. He also requests to proceed *in forma pauperis*, that is, without paying the court's filing fees. And he wants the Court to order emergency temporary injunctive relief. As explained below, his IFP application is granted. But his complaint does not survive mandatory screening, and his request for emergency injunctive relief fails.

## DISCUSSION

**A.   IFP Application**

Parties instituting civil actions in United States district courts must pay $405 in filing fees. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). But plaintiffs granted the right to proceed IFP need not pay those fees. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Ryan's application states that he receives only "1,180" dollars a month in disability payments, has only "125.23" cash on hand, and owns other assets he values at "570." (ECF 3, at 1–3.) He totals his monthly expenses at "$1,050." (*Id.* at 4–5.) Paying the filing fee would result in an undue hardship on plaintiff, and as "a party need not be completely destitute to proceed IFP," the motion is granted. *See Blount v. Saul*, No. 21-CV-0679-BLM, 2021 WL 1561453, at *1 (S.D. Cal. Apr. 21, 2021).

B.   **Screening and Dismissal**

The IFP statute "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citing 28 U.S.C. § 1915(e)(2)). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Ryan, however, doesn't even get that far. As the "party asserting jurisdiction," he "bears the burden of establishing subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008). Ryan suggests this Court has diversity jurisdiction over his state-law claims, which requires him to show, among other things, that the claim is (1) between "citizens of different States" or "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1), (a)(2). He alleges that defendant "is, on information and belief, organized under the laws of the United Arab Emirates . . . ." (ECF 1, at 2.) But for diversity purposes, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Since the complaint is silent as to the citizenship of defendant's members, it does not carry Ryan's burden to establish this Court's diversity jurisdiction.

But in "Count 4," Ryan also seeks "Declaratory and Injunctive Relief" under "28 U.S.C. §§ 2201–2202." (ECF 1, at 6.) And this Court does "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," typically referred to as federal-question jurisdiction. 28 U.S.C. § 1331. But sections "2201 and 2202, which comprise the Declaratory Judgment Act," do "not create subject matter jurisdiction where none otherwise exists." *Jarrett v. Res*or, 426 F.2d 213, 216 (9th Cir. 1970). "It only creates a particular kind of remedy available in actions where the district court already has jurisdiction to entertain a suit." *Id.* Thus, Ryan's reference to the Declaratory Judgment Act does not confer jurisdiction on this Court, either.

So, the complaint is dismissed without prejudice and with leave to amend to correct the deficiencies. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). And Ryan's motion for a temporary restraining order is denied because, when "a court lacks subject matter jurisdiction over an action, it necessarily is powerless to grant a TRO." *Eftekari v. Select Portfolio Servicing, Inc.*, No. 24-CV-2274 JLS (KSC), 2025 WL 97609, at *3 (S.D. Cal. Jan. 13, 2025).

## CONCLUSION

Thus, the Court orders as follows:

1. Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, and the filing fee is waived.

2. Plaintiff's complaint is **DISMISSED** without prejudice due to lack of jurisdiction. But plaintiff is granted leave to amend.

3. By **November 10, 2025**, plaintiff must file any amended complaint. The amended complaint must be complete by itself without reference to any previous version of the pleading; defendants not named and any claims not re-alleged in the amended complaint will be considered waived. If plaintiff fails to timely amend, the Court will enter a final order dismissing this civil action.

4. Plaintiff's motion for a temporary restraining order is **DENIED**.

Dated: September 10, 2025

Andrew G. Schopler
United States District Judge