UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Jeremy RYAN, | Case No.: 25-cv-2348-AGS-BLM |
|---|---|
| Plaintiff, | **ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND, GRANTING MOTION FOR ELECTRONIC FILING (ECF 5), AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (ECF 7)** |
| v. | |
| BEST IN SLOT, LLC, | |
| Defendant. | |

Plaintiff Jeremy Ryan, proceeding without an attorney and *in forma pauperis*, is suing defendant Best In Slot, LLC, over alleged misrepresentations. The Court previously dismissed his complaint during mandatory screening and denied his motion for injunctive relief. (*See* ECF 4.) Along with the filing of an amended complaint, Ryan asks for electronic-filing privileges and again seeks emergency injunctive relief. (*See* ECF 5, 6, 7.)

**DISCUSSION**

**A.     Electronic Filing**

An unrepresented party seeking leave to electronically file documents, like Ryan, "must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual." Office of the Clerk, United States District Court for the Southern District of California, Electronic Case Filing Administrative Policies and Procedures Manual, § 2(b) (Jan. 22, 2025). The manual refers to the Court's official web site for CM/ECF technical specifications, *id.* at § 1(i), which include a "[c]omputer running Windows or Macintosh"; "[s]oftware to convert documents from a word processor format to portable document format (PDF)"; "[i]nternet access supporting a transfer rate of 56kb or higher"; a compatible browser, such as "Firefox 15, Internet Explorer 9, and Safari 5.1/6 or later"; a "[s]canner to image non-computerized documents 400 pixels per inch (ppi)"; and a PACER account. United States District Court,

Southern District of California, CM/ECF: General Info, https://www.casd.uscourts.gov/cmecf.aspx (last visited Sept. 12, 2025).

Ryan claims to meet all the technical requirements and has agreed to follow "all rules and policies included in the Court's Electronic Case Filing Administrative Policies and Procedures Manual." (ECF 5, at 1.) Accordingly, his request is granted.

**B.    Screening and Dismissal**

Once again, because the Court has allowed Ryan to proceed without paying the usual filing fees, the statute "requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citing 28 U.S.C. § 1915(e)(2)). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). There are several issues remaining with his complaint, however, that prevent this case from proceeding.

**1.   *Diversity of Citizenship***

Previously, the Court dismissed Ryan's complaint because he did not meet his burden to show that this Court had subject-matter jurisdiction, specifically, diversity jurisdiction. Defendant is a limited liability company, and for diversity purposes, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Yet Ryan's original complaint was "silent as to the citizenship of defendant's members." (ECF 4, at 2.) In the new complaint, Ryan swears that, "on information and belief," none of defendant's members are "a citizen of California." (ECF 6, at 3.) Assuming for the sake of argument that this allegation is sufficient, there is a second problem with his diversity claim.

Namely, diversity-of-citizenship jurisdiction requires plaintiff to show that the amount-in-controversy in the case is at least "$75,000." 28 U.S.C. § 1332(a). "To establish diversity jurisdiction, a plaintiff must plausibly allege that damages are more than $75,000 . . . ." *Lindsey v. DPaul Inc.*, No. 3:23-CV-00425-AR, 2023 WL 5516087, at *3

(D. Or. June 6, 2023), *report and recommendation adopted*, No. 3:23-CV-00425-AR, 2023 WL 5509051 (D. Or. Aug. 25, 2023). To meet this burden, Ryan offers one conclusory statement that the "amount in controversy exceeds $75,000," "measured by the value of the requested injunctive relief to Plaintiff and the expected token allocation/value under the '100% to stakers' representation and market impacts." (ECF 6, at 4.) This "formulaic" recitation, "devoid of 'further factual enhancement,'" "will not do." *See Iqbal*, 556 U.S. at 678. What's more, it appears rebutted by Ryan's own IFP petition, in which he claimed that the sum total of his assets were worth "$570." (ECF 3, at 3.) Even if every dime of those assets represents the value of his "stakes" with defendant, there is no plausible valuing of this dispute that would exceed the $75,000 amount-in-controversy requirement.

### 2. *Failure to State a Claim*

His amended complaint suffers from other problems, too. Although he need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), the complaint is deficient in its current form. In particular, Ryan provides no explanation of what he holds a "stake" in, how such "stakes" function in this cryptocurrency exchange, or what it means that defendant allegedly switched from a "100% to stakers" approach to a "20% to stakers, 80% to non-stakers" approach. (*See* ECF 6, at 2.) The Court commends Ryan for his instinct to keep his claim concise, but the Court still requires enough "factual content . . . to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At present, the Court does not understand the factual context of the complaint well enough to permit it to draw that reasonable inference.

### 3. *Amendment*

Although his complaint still does not state a claim, the Court will provide Ryan another opportunity to amend.

### C.   Renewed Motion for Temporary Restraining Order

For the second time, Ryan has filed a motion for a temporary restraining order, a

form of emergency injunctive relief without notice to the other side. (*See* ECF 7.) A "plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008). "[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical." *Washington v. Trump*, 847 F.3d 1151, 1159 (9th Cir. 2017) (cleaned up).

As with last time, the subject-matter-jurisdiction concerns doom the emergency-relief request. *See Eftekari v. Select Portfolio Servicing, Inc.*, No. 24-CV-2274 JLS (KSC), 2025 WL 97609, at *3 (S.D. Cal. Jan. 13, 2025) (holding that when "a court lacks subject matter jurisdiction over an action, it necessarily is powerless to grant a TRO"). Even if subject-matter jurisdiction were established, however, there are additional problems that would require this Court to deny the TRO motion.

Initially, Ryan has not carried his burden to show a likelihood of success on the merits, for a couple reasons. First, a "request for injunctive relief should be denied when based on a complaint that fails to state a claim," because the Court cannot "assess plaintiff's likelihood of success on the merits." *Lowenthal v. Wilshire Com. Props.*, No. 2:25-cv-04547-CV-JDE, 2025 WL 2087788, at *1 (C.D. Cal. July 23, 2025) (cleaned up); *accord Doe v. Federal Dist. Ct.*, 467 F. App'x 725, 728 (9th Cir. 2012). Second, Ryan claims defendant is a "United Arab Emirates free-zone limited liability company." (*See* ECF 6, at 3.) He provides nothing to suggest this Court may constitutionally exercise personal jurisdiction over this foreign defendant. And a district court has no "authority to grant a preliminary injunction when it lacks personal jurisdiction over defendants." *Viral DRM LLC v. YouTube Uploadeers Listed on Schedule A*, No. 3:23-CV-05594-JSC, 2024 WL 189013, at *1 (N.D. Cal. Jan. 17, 2024).

In addition, it appears that there is no irreparable harm. Some courts have found irreparable harm in cases involving fraudulent cryptocurrency transfers "due to the risk of anonymous and speedy asset dissipation" that can accompany cryptocurrencies. *See, e.g.*,

*Jacobo v. Doe*, No. 1:22-CV-00672-DAD-BAK (BAM), 2022 WL 2052637, at *5 (E.D. Cal. June 7, 2022) (citing cases). But aside from those fears, "cryptocurrency tokens are fungible and easy to value." *Schiermeyer on Behalf of Blockchain Game Partners, Inc. v. Thurston*, 697 F. Supp. 3d 1265, 1273 (D. Utah 2023). Since monetary damages can compensate those losses, irreparable harm is present "only where the plaintiff shows that the risk of insolvency is likely and imminent." *Id.* (cleaned up); *see also JustM2J LLC v. Brewer*, No. 2:25-CV-00380-DAD-SCR, 2025 WL 435827, at *8 (E.D. Cal. Feb. 7, 2025) (holding "district courts have concluded that the issuance of a temporary restraining order is generally inappropriate in cases involving the alleged theft of cryptocurrency where monetary damages were available and would suffice"). Ryan hints at no insolvency concerns here.

For all these reasons, Ryan's second TRO motion is denied. Furthermore, the Court must now exercise its "inherent power to control its docket and promote efficient use of judicial resources." *See Dependable Highway Exp. v. Navigators Ins.*, 498 F.3d 1059, 1066 (9th Cir. 2007). Emergency motions are extremely disruptive to a court's schedule, and Ryan has now filed two such motions—in the matter of a few days—that were patently deficient. As a result, the Court will not consider any further injunctive-relief requests until service is complete and questions about this Court's jurisdiction—both subject-matter and personal—are properly determined.

## CONCLUSION

Thus, the Court orders as follows:

1. Plaintiff's motion for electronic-filing privileges is **GRANTED**. If Ryan hasn't done so already, he must register as a user with the Clerk's Office and as a subscriber, in accordance with Section 2(b) of the U.S. District Court for the Southern District of California Electronic Case Filing Administrative Policies and Procedures Manual.

2. Plaintiff's amended complaint is **DISMISSED** without prejudice due to lack of jurisdiction and failure to state a claim. But plaintiff is again granted leave to amend.

3. By **November 14, 2025**, plaintiff must file any second amended complaint. The second amended complaint must be complete by itself without reference to any previous version of the pleading; defendants not named and any claims not re-alleged in the amended complaint will be considered waived. If plaintiff fails to timely amend, the Court will enter a final order dismissing this civil action.

4. Plaintiff's motion for a temporary restraining order is **DENIED**.

Dated: September 15, 2025

_____
Andrew G. Schopler
United States District Judge