UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeremy RYAN,<br><br>                           Plaintiff,<br>v.<br><br>BEST IN SLOT, LLC FZ,<br><br>                          Defendant. | Case No.: 25-cv-2348-AGS-BLM<br><br>**ORDER SCREENING THIRD AMENDED COMPLAINT AND ORDERING SERVICE** |

Plaintiff Jeremy Ryan, proceeding without an attorney and *in forma pauperis*, is suing defendant Best In Slot, LLC FZ, over alleged misrepresentations. The Court dismissed several prior complaints during mandatory screening. (*See* ECF 4, 9, 15.) But Ryan's fourth attempt—his third amended complaint (ECF 16)—is sufficiently pleaded to pass screening.

## DISCUSSION

The Court must screen and "dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citing 28 U.S.C. § 1915(e)(2)). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8 and 12(b)(6).

The Court previously concluded that Ryan's contract and quasi-contract claims were "sufficient to pass the 'low threshold for proceeding past the screening stage' and state a breach-of-contract claim." (ECF 15, at 2 (quoting *Byrd v. Maricopa Cnty. Bd. of Supervisors*, 845 F.3d 919, 924 (9th Cir. 2017)).) But the Court dismissed his fraud-based claims for failing to appropriately allege the "who" and "when" of the fraud and for failing to set out plausible allegations of "fraudulent intent." (*Id.* at 3–4.) In his latest complaint, Ryan has addressed each: explaining "who" was engaged in the alleged fraud, setting out

"when" they made the allegedly fraudulent representations, and providing allegations that support a conclusion that the company made the representations knowing them to be false, for the purposes of fraudulent intent. (*See* ECF 16, at 7–11.) Helpfully, Ryan also provided a glossary of terms and explained the technology involved, so the Court was better able to understand his allegations. (*See id.* at 5–7.) He has thus provided sufficient allegations to clear "the low threshold for proceeding past the screening stage" on his fraud claims, as well. *See Byrd*, 845 F.3d at 924.

## CONCLUSION

The Court orders as follows:

1. Plaintiff's third amended complaint may be served.

2. Because plaintiff has been granted *in forma pauperis* status, he is entitled to the assistance of the United States Marshal Service in serving his complaint. *See* Fed. R. Civ. P. 4(c)(3). Plaintiff must coordinate with that office and provide it any information necessary to effectuate service. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (requiring an IFP plaintiff to "furnish[] the information necessary to identify the defendant" to the United States Marshal).

3. The Clerk must issue summons and forward a copy of this order to the United States Marshal Service.

Dated: December 3, 2025

Andrew G. Schopler
United States District Judge