UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeremy RYAN,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BEST IN SLOT, LLC FZ,<br><br>　　　　　　　　　　Defendant. | Case No.: 25-cv-2348-AGS-BLM<br><br>**ORDER GRANTING IN PART MOTION FOR ALTERNATIVE SERVICE (ECF 19)** |

　　　Plaintiff Jeremy Ryan, proceeding without an attorney and *in forma pauperis*, seeks permission to serve defendant through alternative means. (*See* ECF 19.) Generally, the Federal Rules require specific means to serve a would-be international defendant, but a catch-all provision allows service, with court approval, on a defendant "not within any judicial district of the United States" by any "other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). Based on that provision, Ryan requests that this Court authorize electronic service on defendant. Ryan is aware that defendant is an international company, and he has been unable, despite diligent record searches, to determine its physical address.[1] (*See* ECF 19-2, at 4–5.)

　　　Specifically, he wishes to use email and other electronic means to serve defendants by:

1. Email to hi@bestinslot.xyz and any other publicly listed official contact email on bestinslot.xyz.

2. Support ticket on the Discord account linked from bestinslot.xyz as long as Plaintiff is not suspended from such.

---

[1] "[T]he Hague Service Convention does not apply where the address of the person to be served is unknown." *Dongguan Zhouda Tech. v. Dai*, No. 2:25-CV-00536-TL, 2025 WL 1772099, at *3 (W.D. Wash. June 26, 2025). For Hague Convention purposes, an "address is unknown if obtaining a physical address for service of process was not found despite reasonable effort." *Id.*

1

    3. If available, submission via any official website contact form.

    4. Upon disclosure of any physical address, follow-up service by international courier.

(ECF 19-2, at 3.) He also represents that defendant "transact[s] primarily online" and "publicly hold[s] out specific electronic channels for contact." (*Id.*)

Ryan's request is **GRANTED IN PART**. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016–17 (9th Cir. 2002) (holding that plaintiff "need not have attempted every permissible means of service of process before petitioning the court for alternative relief" such as "email" service, so long as "the method selected be reasonably calculated to provide notice and an opportunity to respond"). Ryan may serve defendants through the identified email address: hi@bestinslot.xyz. Ryan must also make his best efforts to identify at least two more email addresses associated with defendant. He must provide those addresses, along with this order, to the United States Marshal for execution of service. *See* Fed. R. Civ. P. 4(c)(3) (requiring "service be made by a United States marshal or deputy marshal" for plaintiffs "authorized to proceed in forma pauperis"). Also, the U.S. Marshal must include a copy of this Order with its service of Ryan's complaint.

Dated:  December 19, 2025

                                                    Andrew G. Schopler
                                                    United States District Judge