UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeremy RYAN,<br>Plaintiff,<br>v.<br>BEST IN SLOT, LLC FZ,<br>Defendant. | Case No.: 25-cv-2348-AGS-BLM<br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT (ECF 32)** |

Unrepresented plaintiff Jeremy Ryan seeks a default judgment of over $19 million, plus injunctive and other relief. (ECF 32, at 7 (seeking, among other things, "$19,494,102 (or in the alternative $9,498,701)").) That request is denied.

When a defendant fails to defend, the "court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). That discretion is guided by seven factors. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). But the Court need not reach that discretionary analysis, as plaintiff has not met his "burden on default judgment to establish the amount of [his] damages." *See Board of Trs. of Bay Area Roofers Health & Welfare Tr. Fund v. Westech Roofing*, 42 F. Supp. 3d 1220, 1232 n.13 (N.D. Cal. 2014). "To recover damages after securing a default judgment," a plaintiff must "prove the relief it seeks" through admissible evidence, such as "testimony or written affidavit." *Global Brother SRL, v. Kaur*, No. 25-cv-01283-VKD, 2026 WL 2076143, at *9 (N.D. Cal. July 17, 2026). "Courts apply the preponderance of the evidence standard in determining a plaintiff's damages." *Channel Well Tech. v. Core Info. Sys.*, No. CV 26-1495 FMO (ASx), 2026 WL 1847842, at *4 (C.D. Cal. June 22, 2026).

Ryan's motion falls woefully short of convincing this Court by a preponderance of the evidence that plaintiff's proposed numbers are an appropriate measure of damages. As evidence, Ryan offers only his own declaration, which purports to value his damages based

on his stakes in four cryptocurrency coins: "BRC-2.0 Punks," "Punkameleons," "Bitcoin Cousins," and "Moonkees." (ECF 32-1, at 4–5.) Ryan "use[d] three BRC-2.0 tokens that BIS actually launched -- ACORNS, Godsfi, and Gamefi -- as benchmark comparables." (*Id.* at 4.) According to Ryan, "[t]hese are the only true comparables: same protocol, same BIS platform, same time period." (*Id.*) But this claim is based entirely on his say-so. There is no evidence attached to his declaration to support that statement—indeed, there is no evidence attached to his declaration at all. (*See generally id.*) Without any evidentiary record, Ryan essentially asks this Court to take at face value: the valuation numbers he provides, his representation that the coins he staked would have had a similar performance, and the implicit assumption that there are no differences or market conditions that might lead to a damages differential.

This will not do. "The entry of default does not convert this court into a rubber stamp for whatever judgment a plaintiff proposes, and in some ways a motion for default judgment places an additional burden on the court because it lacks the benefit of an adversary to raise legal and factual disputes." *U.S. ex rel. Am. Taxpayers Fighting Fraud LLC v. Cole Harris*, No. 2:22-cv-04178-MWC-RAO, 2026 WL 1917694, at *2 (C.D. Cal. July 1, 2026) (cleaned up). Thus, the default-judgment motion is **DENIED** without prejudice. Any updated motion must be filed by September 21, 2026.

Dated: July 21, 2026

Andrew G. Schopler
United States District Judge